UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COOK, JR.,<br>Plaintiff,<br>v.<br>SECRETARY OF CDCR, et al.,<br>Defendants. | No. 1:26-cv-05755-KES-SAB (PC)<br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br>(ECF No. 10) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 24, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names "unknown" electrician at Kern Valley State Prison as the sole Defendant.

On December 3, 2024, Plaintiff was shocked and severely burned by a faulty electrical outlet. Plaintiff claims the California Department of Corrections and Rehabilitation (CDCR) negligently installed faulty wiring into the outlet plug within his cell. Plaintiff suffered severe injuries and will have to undergo several surgeries. Plaintiff is and was enrolled in the mental health program at the enhanced outpatient level of care. There was no way Plaintiff could have avoided being severely burned in using the installed outlet.

///

Because Plaintiff is a mentally ill prisoner, he is entitled to be free from willful harm and protected "equally" under the law. Defendants' negligence shows an intent to disregard the safety of diagnosed mentally ill prisoners.

## III.

## DISCUSSION

### A. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmate receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates." Id. (internal quotations and citations omitted). However, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

A prisoner claiming an Eighth Amendment violation must make a two-part showing. First, the inmate must objectively show that he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834. A deprivation is sufficiently serious when a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). When the Eighth Amendment claim is based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Farmer, 511 U.S. at 834.

Second, the inmate must show that the prison official had a sufficiently culpable state of mind. Id. In prison-conditions cases, the prison official must have acted with deliberate indifference to inmate health or safety. Id. Deliberate indifference is a higher standard than negligence. Id. at 835; see also Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"). To be deliberately indifferent, the official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." Id.

Although prisoners are entitled to "an adequate level of personal safety," "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). For example, federal courts have rejected constitutional claims brought by inmates injured from "slip and fall" accidents caused by hazardous conditions. See, e.g., Wallace v. Sherman, 1:20-cv-00213-EPG (PC), 2020 WL 4193968, at *2–5 (E.D. Cal. July 21, 2020) (dismissing complaint that alleged a leaky roof that prison staff knew of, which caused plaintiff to slip and fall resulting in a head injury, was not an Eighth Amendment violation) (E.D. Cal. Sept. 2, 2020); Wallace v. Haythorne, No. CIV S 06-1697 MCE GGH P, 2007 W L 3010755, at *4 (E.D. Cal. Oct. 15, 2007) (holes caused by missing tiles resulting in plaintiff tripping and falling did not constitute excessive risk) (9th Cir. 2009).

A prisoner asserting an Eighth Amendment claim based on a safety hazard must show not only a hazardous condition posing a threat to his safety, but also some additional condition exacerbating that threat, which standard is sometimes referred to as "danger-plus." Morgan, 465 F.3d at 1047 (hazard exacerbated when prison official compelled inmate to continue working with dangerously defective equipment); see also Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when inmate on crutches repeatedly fell in shower without disability accommodations); Hoptowit, 753 F.2d at 784 (serious safety hazards in prison's occupational areas were exacerbated by inadequate lighting); but see Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (no exacerbating conditions when inmate was able to see and avoid defective oven door which fell off and burned his arm).

Here, Plaintiff alleges that CDCR "negligently installed faulty wiring into the outlet plug within said cell" causing Plaintiff injury. As with Plaintiff's original complaint, the first amended complaint fails to demonstrate that the unknown electrician knew of and disregarded an excessive risk to his safety. At best, Plaintiff has admittedly alleged negligence in installing the electrical outlet. However, negligence does not give rise to a constitutional claim for relief. Farmer, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than

negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to his safety.

**B. Equal Protection**

"The Equal Protection Clause requires the State to treat all similarly situated people equally. This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (citations omitted). "To prevail on an Equal Protection claim brought under § 1983, Plaintiffs must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against them based upon membership in a protected class." Id. (citation omitted); Fields v. Legacy Health Sys., 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, [and] national origin" as examples of characteristics protected by the Equal Protection Clause). Neither indigent prisoners nor the mentally disabled are considered a suspect class for equal protection purposes. See Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999) ("[I]indigent prisoners are not a suspect class."); Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal protection analysis, the disabled do not constitute a suspect class.")

Here, Plaintiff claims he was discriminated against because he is participant in the CDCR's mental health services, "the disabled do not constitute a suspect class for equal protection purposes." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) see also City of Cleburne, 473 U.S. at 442-446 (declining to consider mental illness as a suspect classification). Moreover, Plaintiff fails to allege he was intentionally singled out for disparate treatment because he is disabled. Id. (citing Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)). Thus, he fails to state a cognizable equal protection claim.

**C. Further Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, a district court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed[.]" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097–

98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citation omitted).

Because Plaintiff's first amended complaint is deficient for essentially the same reasons as those articulated in the Court's prior screening order, and because Plaintiff has failed to remedy the deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Despite being advised of the factual and/or legal deficiencies, Plaintiff's first amended complaint fails to state a claim and further leave to amend would be futile.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to

///

///

challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge